# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN P. McTIGUE, individually, and in behalf of other individuals similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>SPOKANE TRANSIT AUTHORITY,<br><br>  Defendant. | No. CV-04-0064- FVS<br><br>PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

WHEREAS, discovery (including document requests, depositions, and Interrogatory information) may involve the production or disclosure of personnel files of current and former employees of defendant, as well as the business operations and other trade secret information of the defendant.

IT IS HEREBY ORDERED:

1. This Protective Order ("Protective Order") shall govern the treatment and handling of all documents or other products of discovery produced by Spokane Transit Authority ("STA") or information derived therefrom, and all copies, excerpts or summaries thereof including (without limitation), answers to requests for admissions, answers to interrogatories, documents produced pursuant to a demand for documents, documents subpoenaed in connection with depositions, and deposition transcripts.

2. STA may designate personnel files, documents, photographs, videotapes, materials, or information as "confidential" and thus subject to the terms

of this Protective Order by fixing a notation to such personnel files, documents, materials, or information, or by other appropriate written notice to plaintiff. STA may designate "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," those documents it believes contains confidential information, including but not limited to personnel files, payroll records, complaints, investigative documents, studies, business operations, and other trade secret information. Testimony taken in deposition in this case similarly may be designated as confidential and made subject to the terms of this Order at the time of the deposition on the record. Any party may move for a court determination of confidentiality if the parties are unable to resolve a dispute regarding STA's determination of confidentiality. No disclosure shall be made of any information designated as confidential until such time as the matter is determined by the Court.

    3.    Documents, photographs, videotapes, materials, or information designated confidential pursuant to this Order shall not be disclosed or disseminated by plaintiff, John McTigue, to any other person or entity, with the following exceptions.

        a.    Use of such confidential documents, photographs, videotapes, materials, or information for trial preparation by plaintiff is allowed by this Protective Order, subject to all conditions of this Protective Order which govern plaintiff's use of such confidential information;

        b.    Documents, personnel files, photographs, videotapes, materials, or information designated by STA as confidential may be provided to expert

witnesses, or consultants by plaintiff provided such expert witnesses or consultants, before being allowed to see any confidential documents, materials, or information, in writing acknowledge receipt of a copy of this Protective Order and agree to be bound by the terms of this Protective Order.  The prohibition of this paragraph shall apply in all circumstances, including, but not limited to, depositions in this case.

    4.    All summaries and exhibits prepared from Confidential Information shall be stamped <u>CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER</u> by STA.

    5.    All persons having access to Confidential Information made available pursuant to this agreement shall agree not to make any use of said Confidential Information except in connection with the above-captioned litigation and shall further agree not to deliver or transfer said Confidential Information to any person not previously authorized by the terms herein.

    6.    Plaintiff disclosing Confidential Information to any person or entity shall be responsible for limiting distribution of the Confidential Information to those persons who both (1) have a need to know the information, and (2) are authorized to receive the information under this Protective Order.  Plaintiff shall be prepared to account for the disposition and use of the information by those persons.

    7.    All copies of Confidential Information disclosed under this agreement shall be subject to the same restrictions as imposed on the original information.

8. All documents, personnel files, photographs, videotapes, materials, and information designated as confidential and disclosed to any person pursuant to this Protective Order shall remain in the possession only of plaintiff, defendant's attorneys or the experts or consultants to whom they are disclosed as provided by this Order. Plaintiff may not retain any documents, personnel files, photographs, videotapes, materials, or information designated as confidential pursuant to this Order after the conclusion of this litigation or the trial of this case, whichever comes first.

9. Upon completion of this litigation, all documents, personnel files, photographs, videotapes and materials designated confidential and all copies thereof, shall be returned to STA's attorneys or destroyed and written notice of their destruction provided.

10. Documents, personnel files, photographs, videotapes, materials, and information designated as confidential pursuant to this Order may be disclosed in regular proceedings of this Court, subject to approval by STA's attorneys or by the following method in the absence of approvals: If the documents, personnel files, photographs, videotapes, materials, or information designated confidential are made exhibits in this case or are incorporated into any pleadings or documents filed by plaintiff with the Court, such exhibits or pleadings shall be (a) bound separately and (b) placed in a sealed envelope or other appropriately sealed container on which shall be endorsed:

> This envelope is sealed pursuant to the Stipulated Protective Order, dated _____, 2005, and contains confidential information filed in these proceedings. It is not to be opened or the contents thereof displayed or revealed except to the court and persons authorized by the court.

If the designated Confidential Information appears in any transcription filed with the court, such transcription shall be (a) bound separately, and (b) placed in a sealed envelope or other appropriately sealed container which bears the foregoing endorsement.

     11.   No confidential documents, personnel files, photographs, videotapes, materials, or information shall be used at trial, except as provided by further order of the court. Any party may apply to this court for additional protection regarding any discovery in this case.

     12.   No modification or amendment of this Protective Order is permitted except by a writing signed by McTigue and approved by the court. The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

     13.   The failure to insist upon full compliance with any of the terms of the Protective Order in any instance shall not be deemed to be a waiver of the right to insist upon full compliance with those terms thereafter.

     14.   Prior to the disclosure of any Confidential Information as provided herein, the proposed recipient of the information will be first provided a copy of this Protective Order and required to execute a verification in the form attached hereto as Exhibit "A."

15. Any violation of the terms of this Protective Order shall subject the violator to sanctions as determined by the court.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

DATED this <u>16th</u> day of <u>November</u>, 2005.

<u>                s/ Fred Van Sickle                </u>
UNITED STATES DISTRICT COURT JUDGE
