UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN P. McTIGUE,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE TRANSIT AUTHORITY,<br><br>    Defendant. | No. CV-04-064-FVS<br><br>ORDER |

**PLAINTIFF JOHN P. McTIGUE** alleges violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.* He seeks certification of this action as a class action under Federal Rule of Civil Procedure 23. The Spokane Transit Authority ("STA") moves for summary judgment.

**BACKGROUND**

The STA hired John McTigue as a bus driver. During 1999, he made his first request for FMLA leave. The STA granted his request. During February of 2001, he requested FMLA leave for heart-bypass surgery. The STA granted his request. He was absent from February 18, 2001, until October 24, 2002. Between that date and June 15, 2006, he missed over 300 additional days of work. Some absences were covered by the FMLA; many were not. The STA repeatedly warned Mr. McTigue that he would be disciplined if he continued to miss work without authorization. During January of 2006, the STA suspended Mr. McTigue without pay for one day because of an unexcused absence. He

ORDER - 1

continued to miss work.  The STA fired him during July of 2006.

**CLASS ACTION**

Mr. McTigue has failed to satisfy the prerequisites for certification of a class action.  Fed.R.Civ.P. 23(a).  Consequently, this action may not be maintained as a class action.

**FMLA**

It is unlawful for an employer to interfere with an employee's FMLA rights.  29 U.S.C. § 2615(a)(1).  In order to avoid summary judgment, Mr. McTigue must present evidence from which a reasonable jury could find the following:  He was absent from work.  His absence was protected by the FMLA.  He was subjected to an adverse employment action by the STA.  There is a causal relationship between his absence and the adverse employment action to which he was subjected. *See Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 146-47 & n.9 (3d Cir.2004) (citing *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124-25 (9th Cir.2001)).  Mr. McTigue may satisfy his burden with either direct or circumstantial evidence. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir.2001).

None of the warnings issued by the STA interfered with Mr. McTigue's FMLA rights because, with the exception of the one-day suspension, the STA never followed through on any of its warnings; that is to say, not until July of 2006, when it fired Mr. McTigue.  Thus, the only two events that rise to the level of adverse employment actions are the one-day suspension and the termination.  Mr. McTigue has presented no evidence linking these events to his use of FMLA-protected leave.  For example, there is no evidence that the STA ever threatened disciplinary action against Mr. McTigue because he requested leave under the FMLA.  To the contrary, the STA promptly approved each request that was supported by appropriate

ORDER - 2

documentation. Furthermore, the STA was patient with Mr. McTigue over a long period of time. Given the record as it now stands, a reasonable jury would be compelled to find that a majority of Mr. McTigue's absences after October 24, 2002, were not protected by the FMLA. The STA gave him many opportunities to rectify his attendance problems. He never did. Under the circumstances, a reasonable jury would be unable to find a causal connection between Mr. McTigue's FMLA-protected absences and either the one-day suspension or his termination. Thus, his FMLA claim must be dismissed.

**ADA**

Mr. McTigue acknowledges that he failed to timely file a discrimination charge with the Equal employment Opportunity Commission. 42 U.S.C. § 12117(a). *Cf. Josephs v. Pacific Bell*, 433 F.3d 1050, 1061 (9th Cir.2005) ("An individual plaintiff must first file a timely EEOC complaint against the allegedly discriminatory party before bringing an ADA suit in federal court."). Mr. McTigue concedes that his ADA claim must be dismissed.

**IT IS HEREBY ORDERED:**

The STA's motion for summary judgment (***Ct. Rec. 51***) is granted. This action will not be certified as a class action. Mr. McTigue's claims against the STA are dismissed with prejudice.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to Mr. McTigue and to counsel for the defendant, and close the case.

**DATED** this ___16th___ day of October, 2006.

                                            s/ Fred Van Sickle
                                               Fred Van Sickle
                                         United States District Judge